[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant Carol signed a contract dated June 20, 1989 to build a horse barn for the price of $29,500. The contract called for the defendants to pay $12,000 before delivery of materials, $12,000 after two weeks and $5,500 upon completion of job.
On July 24, 1989, the plaintiff and the defendant Carol signed another contract to install 12 horse stalls in the horse barn for $12,500. The contract specified galvanized stall system by D T Industries, Inc., 10 exterior grills; line one wall with tongue and groove for tack room; and, all wood in southern yellow pine.
The plaintiff and the defendants were good friends. Ultimately, the relationship deteriorated. The plaintiff stopped work on September 30, 1989 and the plaintiff took the unfinished materials and he sold them.
The plaintiff and the defendants contributed to the deterioration of their relationship. All of the parties to this action were responsible for the breaches of contracts.
The defendants had paid a total of $24,000 for the horse barn. The plaintiff is claiming the $5,500 balance on the barn contract.
Six stalls were completed by the plaintiff. The plaintiff had testified the other six stalls were partially completed.
The defendants paid a total of $6,000 for the stall contract. The plaintiff made an allowance for $1,500 for the uncompleted work on the stall contract. The plaintiff claims the defendants owe $5,000 on the stall contract.
The defendants have alleged special defenses: the plaintiff has failed to complete the contracts; failed to construct the barn and stalls in a good and workmanlike manner; and has failed to mitigate any damages for which recovery is being sought from the defendants; and, all sums due and owing have been paid.
In addition, the defendants filed a counterclaim.
On the barn contract, the defendants list eleven items. Eleven items were either not installed or installed in an unworkmanlike manner. CT Page 5594
On the stall contract, the defendants allege the list of items were either incomplete or defective or the result of construction performed in an unworkmanlike manner.
As to the barn, among other things, the defendants testified that the roof is leaking and the buckling of the roof; that the sliding doors either they do not work or the sliding doors caused the damage of skybelts; that the plywood of the second-story hay storage were buckled because of the rain; and, that there were no stairs to get to the second floor.
The court finds that the plywood on the roof was warped that caused the buckling of the roof and the roof was leaking. In turn, the plywood on the second floor buckled because the roof was leaking.
The sliding doors were not mentioned in the counterclaim. Besides, the sliding doors are adjustable.
The contract did not call for the stairs to the second floor.
The court finds that 6 stalls were installed and the door to the seventh stall was installed.
The court finds that the defendants owe the plaintiff on the barn contract $5,250; and, that the defendants owe the plaintiff on the stall contract $1,250.
The plaintiff owes the defendants on the counterclaim $2,000.
Judgment may enter for the plaintiff on the complaint for $6,500. Judgment may enter for the defendants on the counterclaim for $2,000.
EDELBERG STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk